NOT FOR PUBLICATION


UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VICTOR GONZALEZ,                    :

        Petitioner,      :

                         :

        v.

UNITED STATES OF AMERICA,

        Respondent.

Civil Action No. 99-1183(JWB)
(Criminal No. 96-114)

**O P I N I O N**


**APPEARANCES**:

    VICTOR GONZALEZ, pro se
    # 19769-050
    United States Penitentiary
    Box PMB
    Atlanta, Georgia  30315

    CHRISTOPHER J. CHRISTIE
    United States Attorney
    By:  John M. Vazquez
        Assistant United States Attorney
    Federal Building
    970 Broad Street
    Newark, New Jersey  07102
    (Attorney for Respondent)

**BISSELL**, Chief Judge

    Victor Gonzalez and six co-defendants went to trial on the third superseding indictment in this matter on October 7, 1996 before the Honorable Maryanne Trump Barry and a jury.  On November 7, 1996 Mr. Gonzalez was convicted of RICO, RICO conspiracy and drug conspiracy charges in that case.  On March

18, 1997, Mr. Gonzalez was sentenced to three concurrent terms of life imprisonment, pursuant to a guideline offense level of 48 and a Criminal History of IV.  That conviction was affirmed on appeal on March 13, 1998.  On March 12, 1999, Mr. Gonzalez filed the present pro se motion for relief under 28 U.S.C. § 2255.  In light of the elevation of Judge Barry to the Court of Appeals, this motion was reassigned to the author of this Opinion. Gonzales was allowed to supplement his petition, which he did on July 2, 2001, and the United States has answered in full. Gonzales is proceeding in forma pauperis.

In his initial motion, Gonzalez asserts three grounds for relief:

> A.    The District Court abused its discretion permitting Special Agent Higgins to testify as an expert.
>
> B.    He should have been allowed to join in those arguments raised by his co-appellants which were applicable to him.
>
> C.    His trial and appellate counsel provided ineffective assistance in violation of his Sixth Amendment rights.

In his supplement to this § 2255 motion, petitioner alleges he was sentenced in violation of the requirements of Apprendi v. New Jersey, 530 U.S. 466 (2000).

The Court determines that no evidentiary hearing is necessary because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no

-2-

relief."  28 U.S.C. § 2255.  For the reasons set forth below, the

§ 2255 motion, including its supplement, is denied in its

entirety.

**A.**  The record reveals that Special Agent Higgins did not

give expert testimony.  That was clearly the ruling of the trial

judge.  (Tr. 4.34-5.37).  On direct appeal, this issue was

squarely presented to the Court of Appeals which agreed with

Judge Barry's ruling.  (Slip Op. March 13, 1998 at 5-6).

Therefore, Mr. Gonzalez may not present this same ground for a

"second bite at the apple" on this § 2255 motion.  (See

authorities cited in USA Answer at 5-6).  Furthermore, even if he

could do so, this Court similarly determines that Mr. Higgins did

not give expert testimony in the area to which Mr. Gonzalez

directs this Court's attention.

**B.**  A review of the Opinion of the Court of Appeals reveals

that, without government opposition, Victor Gonzalez did join in

the arguments of his co-appellants, with one exception.  That was

a fourth amendment challenge to a tape recorded conversation in

which Gonzalez did not participate.  Indeed, he was not even in

the room with the taped co-defendants.  Therefore, Gonzalez had

no standing to challenge the legality of that taping.  Moreover,

the Court of Appeals expressly denied relief on that very

argument (as raised by co-defendant Felix Roche) on two

independent viable grounds.  (Slip Op. at 4).  Accordingly,

-3-

Gonzalez's joinder in that motion would have been
inconsequential.

    **C.**  Mr. Gonzalez's arguments that he was denied effective
assistance of counsel are also without merit.  The benchmark for
assessing such a sixth amendment violation is found in <u>Strickland</u>
<u>v. Washington</u>, 466 U.S. 668 (1984), under which a petitioner must
establish both that the conduct of defense counsel fell below an
objective standard of reasonableness and that the defendant
suffered prejudice as a result.  Against these requirements the
Court will address Mr. Gonzalez's particular claims:

        (1.)  Gonzalez first asserts that his trial attorney
failed to file on his behalf a motion to transfer this case to
the Camden vicinage, even though this defendant asked the
attorney to do so.  At that time, criminal cases in this District
were assigned on a state-wide wheel so that a criminal case with
factual origins in the Camden area could be assigned to Newark
for trial.  The goal of that system was to promote balanced
criminal caseloads among the District Judges in all three
vicinages.  Accordingly, transfers from one vicinage to another
were (and still are) limited to truly extraordinary
circumstances.  This Court can predict with considerable
assurance that any such motion in the case at bar would have been
denied.  Faced with knowledge of this case assignment system, it
can be said that trial counsel made a <u>bona fide</u> strategic choice

-4-

not to bring a motion which had slight (if any) chance of success.  Stated otherwise, Mr. Gonzalez suffered no demonstrable prejudice from trial counsel's failure to bring such a motion.

(2.)  Mr. Gonzalez also argues that his trial attorney failed to interview and call witnesses which Mr. Gonzalez suggested he should call.  But his own papers demonstrate that his attorney exercised a traditional, legitimate function in evaluating whether such witnesses would help this defense.  His response to his client was, "it would not be in our best interest to bring these witnesses in, because the prosecution will tear them to pieces."  (D.  "Response to Government's Answer and Supporting Brief for § 2255 Motion", filed March 3, 2000, at 11).  While Gonzalez may disagree with that strategic choice (particularly in hindsight), his argument does not demonstrate any significant abdication of professional responsibility, nor is it conduct which is otherwise below any objective standard of reasonableness.

(3.)  Gonzalez makes some general statements about his appellate counsel's failure to communicate with him and to analyze the file sufficiently to "notice numerous 'OBJECTIONS' on the admissibility of evidence submitted under rule 404(b), which were appropriate issues to raise for appellate review."  (Id. at 14).  These allegations lack any specificity.  Furthermore, given the deference afforded to a trial judge's rulings on the

-5-

admission of evidence, the likelihood of success on appeal is slight.  Finally, as reflected in the Third Circuit's Opinion, Victor Gonzalez, through his appellate counsel <u>did</u> join in a challenge to the admissibility of certain evidence under Fed. R. Evid. 404(b) regarding a street gang known as the Sons of Malcolm X; a challenge which the Court of Appeals determined was without merit.  (Slip Op. at 4-5).  As noted above, Mr. Gonzalez makes no specific reference to any other Rule 404(b) admissions that should have been challenged on appeal.  No <u>Strickland</u> violation could be established here.

(4.)  Finally, Mr. Gonzalez challenges the effectiveness of his recently appointed sentencing counsel, Christopher M. Hartwyk, Esquire.  He claims that this attorney did not have time to review the record, confer with this defendant, and raise a number of allegedly significant sentencing issues.  However, Mr. Gonzalez makes no showing that he ever raised such concerns before Judge Barry at sentencing, when he had every opportunity to do so.  (<u>See</u> Sentencing Tr. at 1, 3-5, 51, attached to this Opinion as Exhibit A).  Indeed, when called upon to address the Court, Mr. Gonzalez specifically declined to say anything.  (<u>Id</u>. at 51).  One specific point deserves brief mention, however.  Mr. Gonzalez alleges that Judge Barry specifically failed to question him directly as to whether he had read the Presentence Report and discussed it with his new

-6-

counsel.  He asserts that this is a fatal failure to comply with
Fed. R. Crim. P. 32(c)(3)(A).  The Judge did make that specific
inquiry to counsel, however, as reflected at Tr. 4:15-19.  Under
Third Circuit law, that inquiry to counsel, whose answer in the
affirmative was not questioned by this defendant, was sufficient.
Direct confirmation with the client himself is not required under
Rule 32(c)(3)(A) where the inquiry to counsel is adequate (as it
was in the case at bar).  United States v. Stevens, 223 F.3d 239
(3d Cir. 2000).  Accordingly, whether Mr. Gonzalez's arguments
are considered under the issue of ineffective assistance of
counsel, or whether they are considered on their own as alleged
errors at sentencing which could require reconvening of the
sentencing hearing, they are without merit.

     **D.**  Gonzalez's argument that his sentence violated Apprendi
v. New Jersey, 530 U.S. 466 (2000), is equally without merit.
The thrust of Apprendi is that a defendant's sentence may not be
enhanced due to material findings of fact not made by the jury in
the criminal trial.  Annexed hereto is the Third Superseding
Indictment on which this defendant was tried.  Attached as
Exhibit C is a copy of the Verdict Sheet which demonstrates the
defendant's conviction on all Counts and racketeering acts
charged.  A review of the Presentence Report prepared for Judge
Barry confirms an offense level of 48 (5 points above the highest
number on the Guidelines Sentencing table!).  In applying that

-7-

number, Judge Barry was not required to make factual findings beyond those of the jury in its verdict; nor did she.

If there is any Apprendi argument available to the defendant it is that the finding in the Presentence Report that he is accountable for at least 10 kilograms of heroin was not made by a jury. However, a review of that Report demonstrates that the impact of that drug accountability on the total offense level for Victor Gonzalez was only one point. (Presentence Report at ¶¶ 105-128). Count 3, the drug conspiracy charge, accused the defendants, including Victor Gonzalez, of conspiracy to distribute or possess with intent to distribute more than one kilogram of heroin, and this defendant was found guilty of that charge. (Exh. C at 6). Under the version of the Sentencing Guidelines then in effect, § 2D1.1 would have established a base offense level of 32 (not 36) for Count 3 and thus a total offense level of 38 (not 42) if the quantity of one to three (not 10-30) kilos is used. Because 38 is 9 levels lower than the level 47 assigned to the murder and conspiracy to commit murder convictions, no point would be added to the latter to reach the total offense level of 48. U.S.S.G. § 3D1.4(c)). Thus, Victor Gonzalez would have been sentenced at offense level 47, not 48, still a level beyond the highest (43) on the sentencing table. There is no conceivable argument that with this de minimis difference, Judge Barry would (or could) have chosen anything

other than the concurrent life sentence imposed in this case.

In short, Apprendi is not implicated in this matter. Furthermore, the sentence imposed was appropriate both under the governing statutes and the U.S. Sentencing Guidelines as then applied.

## CONCLUSION

For the reasons set forth above, Victor Gonzalez's petition for relief pursuant to 28 U.S.C. § 2255 be, and the same hereby is, in all respects, denied and dismissed with prejudice. This dismissal is without costs due to Gonzalez's in forma pauperis status, and the Court finds no basis to issue a certificate of appealability.

```
                              JOHN W. BISSELL
                               Chief Judge
                        United States District Court
```

DATED: August 30, 2005

1

1        IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
2                   CRIMINAL NO. 96-114

3     - - - - - - - - - - - - - - - - - -x
      UNITED STATES OF AMERICA,           :
4
                    -vs-                   :        TRANSCRIPT
5                                          :            OF
      VICTOR "Puerto Rican Vic" GONZALEZ,: PROCEEDINGS
6     ANDRES "Dominican Vic" FERMIN,       :      (SENTENCE)
      FRANKIE GONZALEZ, RICHARD ROCHE,     :
7     JOSE "Joey" ALVARADO, FELIX ROCHE, :
                                           :
8
                    Defendants.   :
9     - - - - - - - - - - - - - - - - - -x

10                          Newark, New Jersey
                            March 18, 1997
11

12   B E F O R E:    HONORABLE MARYANNE TRUMP BARRY, U.S.D.J.

13   A P P E A R A N C E S:

14                       FAITH S. HOCHBERG, ESQ.,
                         United States Attorney
15                       BY:  JOHN A. AZZARELLO, ESQ.,
                         Assistant United States Attorney
16                       For the Government

17                       CHRISTOPHER M. HARTWYK, ESQ.,
                         For Defendant Victor Gonzalez
18
                         WALDOR & CARLESIMO, ESQS.,
19                       BY:  CATHY L. WALDOR, ESQ.,
                         For Defendant Andres Fermin
20

21   _____
      Pursuant to Section 753 Title 28 United States Code, the
22   following transcript is certified to be an accurate record
      taken stenographically in the above entitled proceedings.
23
      _____
24   JOHN KEVIN STONE, C.S.R.
      Official Court Reporter
25

                    JOHN KEVIN STONE, CSR          EXHIBIT  A

3



1        THE COURT:  Be seated, please.

2        Good morning.

3        I apologize to all for the delay, although I take

4    no responsibility for it myself.  But we are now finally

5    ready to proceed.

6        What I propose to do is as follows:  I will hear

7    the objections to the presentence reports from each of the

8    defendants who are here and rule on all of those objections.

9    After that, I will hear each attorney speak on behalf of his

10   client, and any defendant who wishes to speak may speak, and

11   the Government will allocute.

12       I'll then take a break, a short break, and

13   immediately thereafter will impose all the sentences.

14   Hopefully, by that time, Miss Waldor will be here, and we

15   can bring in Mr. Fermin and Mr. Miss Waldor for the purposes

16   of the sentencing.

17       Would you note your appearances for the record,

18   please.

19       MR. AZZARELLO:  Good morning, Your Honor.

20       John Azzarello, Assistant United States Attorney,

21   on behalf of the Government.

22       Seated with me at counsel table are James Smith and

23   John Tamm from the FBI.

24       MR. HARTWYK:  Morning, Your Honor.

25       Christopher M. Hartwyk on behalf of the defendant

4

1  Victor Gonzalez.

2        MR. YOUNG:  Morning, Your Honor.

3        John Young on behalf the defendant Frankie

4  Gonzalez.

5        MR. BALLAROTTO:  Morning, Your Honor.

6        Jerome Ballarotto, on behalf of Felix Roche.

7        MR. FASSETT:  Morning, Your Honor.

8        Dave Fassett, on behalf of Richard Roche,

9        MR. MC DONALD:  John McDonald, appearing on behalf

10  of Joey Alvarado.

11        THE COURT:  We'll take Mr. Victor Gonzalez's report

12  first.

13        Mr. Hartwyk, have you received a copy of the

14  presentence report?

15        MR. HARTWYK:  Your Honor, we've received a copy of

16  the presentence report; I've reviewed it with my client,

17  he's had an opportunity to read it; we would accept it as

18  drafted with the exception of the objection that we've

19  lodged.

20        THE COURT:  Well, you'll have to articulate that

21  for the record.

22        MR. HARTWYK:  I will.

23        THE COURT:  So I can rule on it.

24        MR. HARTWYK:  Your Honor, on behalf of my client,

25  Mr. Gonzalez objected, it was a general objection to the

JOHN KEVIN STONE, CSR

5

1    offense conduct, and maintains his innocence and wanted that

2    stated on the record.

3         THE COURT:  Well, I'll accept his statement on the

4    record, I reject it out of hand.  There was massive evidence

5    that was adduced at trial as to the defendant's involvement

6    and, indeed, leadership of -- involvement in and leadership

7    of this organization, and every calculation that is set

8    forth in the presentence report was fully supported and

9    amply warranted.

10        Any objections to Mr. Gonzalez's presentence report

11   from the Government's side of the house, Mr. Azzarello?

12        MR. AZZARELLO:  No, Your Honor.

13        THE COURT:  So that the total offense level is a

14   48; the criminal history category is a four; the guideline

15   imprisonment range is life; the supervised release range is

16   five years; and the fine range is 25,000 to $4 million.

17        MR. AZZARELLO:  Your Honor, did you say -- not that

18   it matters, because it's off the chart.  Did you say 48 or

19   49?

20        THE COURT:  I said 48.

21        MR. AZZARELLO:  I believe the final report lists

22   the total offense level 49, for the record.

23        THE COURT:  I have 48 in mine, Mr. Azzarello.

24        MR. AZZARELLO:  I'm sorry, Your Honor.  I

25   apologize.  I believe there was an earlier adjustment for



JOHN KEVIN STONE, CSR

1        THE CLERK:  All rise, please.

2        ( After a brief recess court resumed ).

3        THE COURT:  Be seated, please.

4        We will start the allocutions.  When Miss Waldor

5    arrives, we will handle Mr. Fermin's case briefly, and then

6    continue along with the allocutions.

7        Mr. Hardwick, you may be heard on behalf of your

8    client.

9        MR. HARDWICK:  Your Honor, as the court's aware, my

10   client stands here today with a total offense level of 48, a

11   criminal history category of four, facing life imprisonment.

12   Quite candidly, Your Honor, there's very little, if

13   anything, we can say at this stage.  We're not going to

14   waste the court's time in terms of the soft heart arguments

15   with respect to family background and economic

16   circumstances.  At this point in time, Your Honor, Victor

17   Gonzalez stands ready to receive, at the court's leisure,

18   the imposition of sentence.

19       THE COURT:  Thank you.

20       Mr. Gonzalez, would you like to speak in your own

21   behalf?

22       MR. V. GONZALEZ:  No.

23       THE COURT:  Mr. Young, you may be heard in behalf

24   of your client.

25       MR. YOUNG:  Thank you, Your Honor.

TAB:Super3.Ind
9505023

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 96-114 (MTB) |
| | : |
| v. | : 18 U.S.C. §§ 1959, 1962 |
| | : & 2; 21 U.S.C. §§ 841 & 846 |
| VICTOR "PUERTO RICAN VIC" GONZALEZ,: | |
| ANDRES "DOMINICAN VIC" FERMIN, | : |
| FRANKIE GONZALEZ, | : T H I R D |
| RICHARD ROCHE, | : |
| FELIX ROCHE, | : S U P E R S E D I N G |
| JOSE "JOEY" ALVARADO, and | : |
| EDWIN "MACHO" RIVERA | : I N D I C T M E N T |

The Grand Jury in and for the District of New Jersey,
sitting at Camden, charges:

COUNT 1 - RACKETEERING CONSPIRACY

A.   THE ENTERPRISE

1.   At all times relevant to this Indictment, the
defendants

VICTOR "PUERTO RICAN VIC" GONZALEZ,
ANDRES "DOMINICAN VIC" FERMIN,
FRANKIE GONZALEZ,
RICHARD ROCHE,
FELIX ROCHE, and
JOSE "JOEY" ALVARADO,

together with Ramon Roche and others known and unknown to the
Grand Jury, constituted an enterprise within the meaning of Title
18, United States Code, Section 1961(4), that is, a group of
individuals associated in fact, although not a legal entity.  The
enterprise was engaged in, and its activities affected,
interstate and foreign commerce.

EXHIBIT   B

2.   A purpose of the enterprise was to provide an organization for its members and associates, including the defendants, to profit from the distribution of heroin, a narcotic drug controlled substance, principally in the area of East Camden, more particularly in and around the areas of Sherman Avenue, Pierce Avenue and River Avenue, and in the area of North Camden, more particularly in and around the areas of Birch and State Streets, Camden, New Jersey, and elsewhere, while minimizing the risk of detection and apprehension by law enforcement authorities.   In connection with the maintenance and promotion of its illegal drug trafficking activities, the enterprise enforced its rules and protected its operations by violence and threats of violence.

B.   THE DEFENDANTS

3.   At various relevant times, defendants VICTOR "PUERTO RICAN VIC" GONZALEZ and ANDRES "DOMINICAN VIC" FERMIN were the leaders and principal organizers of the enterprise.   In that capacity, defendants VICTOR "PUERTO RICAN VIC" GONZALEZ and ANDRES "DOMINICAN VIC" FERMIN helped organize and operate the enterprise's criminal activities, including the acquisition and distribution of heroin, as well as violence directed at rivals in drug trafficking.

4.   As a leader and principal organizer of the enterprise, defendant VICTOR "PUERTO RICAN VIC" GONZALEZ was primarily responsible for establishing the enterprise, maintaining its drug distribution activities, recruiting its members and associates, and securing locations in areas of

Camden, New Jersey described in Paragraph 2 of this Indictment where members and associates of the enterprise could sell heroin.

5.  As a leader and principal organizer of the enterprise, defendant ANDRES "DOMINICAN VIC" FERMIN was the source of the heroin, which was processed in his Queens, New York apartment and later transported to New Jersey for distribution by members and associates of the enterprise.

6.  At various relevant times, defendant FRANKIE GONZALEZ was a chief lieutenant in the operation of the enterprise.  In that capacity, FRANKIE GONZALEZ acted as a manager of the enterprise's daily drug distribution activities by, among other things, delivering heroin to distributors for the enterprise and collecting from those distributors cash proceeds from the sale of heroin.

7.  At various relevant times, Ramon Roche, who was a member of the enterprise, transported heroin from Queens, New York to Camden, New Jersey for distribution by members and associates of the enterprise, including the defendants.

8.  At various relevant times, defendants RICHARD ROCHE and JOSE "JOEY" ALVARADO assisted in delivering heroin to distributors for the enterprise and in collecting from those distributors cash proceeds from the sale of heroin.

9.  At various relevant times, defendants VICTOR "PUERTO RICAN VIC" GONZALEZ, ANDRES "DOMINICAN VIC" FERMIN, FRANKIE GONZALEZ, RICHARD ROCHE, FELIX ROCHE and JOSE "JOEY"

3

ALVARADO distributed and aided and abetted the distribution of heroin.

10.   At various relevant times, defendants VICTOR "PUERTO RICAN VIC" GONZALEZ, ANDRES "DOMINICAN VIC" FERMIN, FRANKIE GONZALEZ, RICHARD ROCHE, FELIX ROCHE and JOSE "JOEY" ALVARADO used and conspired to use violence to maintain and promote the enterprise.

C.   MANNER AND MEANS OF THE ENTERPRISE

11.   It was part of the enterprise's operations that members and associates of the enterprise, including the defendants, obtained quantities of heroin from Queens, New York and elsewhere.   With regard to the enterprise's illegal drug distribution activities, members and associates of the enterprise, including the defendants, engaged in the trafficking of heroin.   At various times during the existence of the enterprise, members and associates of the enterprise, including the defendants, acted with knowledge and support of their common drug trafficking activities.

12.   It was also part of the enterprise's operations that members and associates of the enterprise, including the defendants, distributed quantities of heroin in designated areas of Camden, New Jersey.   At various times, these designated areas were principally located in the areas of East Camden and North Camden described in Paragraph 2 of this Indictment.

13.   It was also part of the enterprise's operations that members and associates of the enterprise, including the

4

defendants, used violence to intimidate others and to maintain control of their territory.

14.  It was also part of the enterprise's operations that associates and members of the enterprise, including the defendants, used violence to discipline its members who failed to carry out the enterprise's goal of distributing heroin for profit.  Members and associates were disciplined for engaging in practices such as stealing heroin and/or the proceeds from its sale, failing to deliver drugs for which payment was received from customers, and selling poor quality substitutes under the enterprise's heroin brand names.

15.  It was also part of the enterprise that acts of violence were committed against persons selling or purporting to sell heroin not supplied by the enterprise at a "drug set" or location.

16.  It was also part of the enterprise's operations that members and associates of the enterprise, including the defendants, used violence and the threat of violence against rival drug dealers and against those who threatened to undermine the effectiveness and the existence of the enterprise.  Such violence included:

a.  On or about December 29, 1994, at Camden, defendant RICHARD ROCHE, with the assistance of defendant FELIX ROCHE, and at the direction of defendant VICTOR "PUERTO RICAN VIC" GONZALEZ, shot and murdered Eric Coleman.  Eric Coleman controlled a drug set in the area of North Camden, in and around

5

the area of Birch Street. Eric Coleman was murdered because he was suspected of being a police informant.

     b.  On or about May 18, 1994, at Camden, defendants FRANKIE GONZALEZ, ANDRES "DOMINICAN VIC" FERMIN and JOSE "JOEY" ALVARADO assaulted and seriously injured Rafael Rosa who was suspected of stealing property belonging to defendant FRANKIE GONZALEZ.

     17.  It was also part of the enterprise's operations that members and associates of the enterprise, including defendants VICTOR "PUERTO RICAN VIC" GONZALEZ, FRANKIE GONZALEZ and others possessed and had access to weapons in order to promote and maintain the enterprise.

     18.  It was also part of the enterprise's operations that weapons were kept at the organization's drug sets as a means of protection for the workers and the drugs being distributed at those sets.

     19.  It was also part of the enterprise's operations that defendants ANDRES "DOMINICAN VIC" FERMIN, FRANKIE GONZALEZ and other members and associates of the enterprise used the telephone to further the enterprise's illegal activities.

     20.  It was also part of the enterprise's operations that members and associates of the enterprise, including the defendants, employed various methods--such as using assumed names and telephone paging devices, and engaging in coded conversations on the telephone when referring to narcotics trafficking

activities--in order to operate covertly and to help avoid detection by law enforcement.

     21.  From at least as early as on or about January 1, 1992, until on or about April 28, 1995, at Camden, in the District of New Jersey, and elsewhere, the defendants

VICTOR "PUERTO RICAN VIC" GONZALEZ,
ANDRES "DOMINICAN VIC" FERMIN,
FRANKIE GONZALEZ,
RICHARD ROCHE,
FELIX ROCHE, and
JOSE "JOEY" ALVARADO,

being persons employed by and associated with an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly, wilfully, and unlawfully conspire and agree with one another and others to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity described more particularly in Paragraph 24 of Count 2, which is realleged and incorporated by reference as though fully set forth herein, contrary to Title 18, United States Code, Section 1962(c).  It was part of the conspiracy that each defendant agreed to the commission of at least two acts of racketeering in the conduct of the affairs of the enterprise.

     In violation of Title 18, United States Code, Section 1962(d).

7

## COUNT 2 - RACKETEERING

22.   Paragraphs 1 through 20 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

23.   From at least as early as on or about January 1, 1992, until on or about April 28, 1995, at Camden, in the District of New Jersey, and elsewhere, the defendants

VICTOR "PUERTO RICAN VIC" GONZALEZ,
ANDRES "DOMINICAN VIC" FERMIN,
FRANKIE GONZALEZ,
RICHARD ROCHE,
FELIX ROCHE, and
JOSE "JOEY" ALVARADO,

being persons employed by and associated with the enterprise as discussed in paragraphs 1 through 20 above, and whose activities affected, interstate and foreign commerce, did knowingly, wilfully, and unlawfully conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

## PATTERN OF RACKETEERING ACTIVITY

24.   The pattern of racketeering activity as defined by Title 18, United States Code, Section 1961(1) and (5) consisted of the acts listed below:

8

## RACKETEERING ACT 1

### MURDER OF ERIC COLEMAN

The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act 1:

### 1(a).  Conspiracy to Murder Eric Coleman

Between on or about December 22, 1994, and on or about December 29, 1994, at Camden, in the District of New Jersey, and elsewhere, the defendants

VICTOR "PUERTO RICAN VIC" GONZALEZ,
RICHARD ROCHE, and
FELIX ROCHE

did commit an act involving murder, that is, did purposely and knowingly conspire with one another to kill Eric Coleman, contrary to N.J.S.A. Sections 2C:11-3 and 5-2.

### 1(b).  Murder of Eric Coleman

On or about December 29, 1994, at Camden, in the District of New Jersey, the defendants

VICTOR "PUERTO RICAN VIC" GONZALEZ,
RICHARD ROCHE, and
FELIX ROCHE

did commit an act involving murder, that is, did purposely and knowingly murder Eric Coleman, contrary to N.J.S.A. Sections 2C:11-3 and 2-6.

RACKETEERING ACTS 2 THROUGH 7
(INCORPORATING INDICATED COUNT OF THIS INDICTMENT BY REFERENCE)

| ACT | COUNT | DEFENDANT | VIOLATION |
|-----|-------|-----------|-----------|
| 2 | 3 | VICTOR GONZALEZ<br>ANDRES FERMIN<br>FRANKIE GONZALEZ<br>RICHARD ROCHE<br>FELIX ROCHE<br>JOSE ALVARADO | 21 U.S.C. § 846 |
| 3 | 4 | ANDRES FERMIN | 21 U.S.C. § 841 |
| 4 | 5 | JOSE ALVARADO | 21 U.S.C. § 841 |
| 5 | 6 | RICHARD ROCHE | 21 U.S.C. § 841 |
| 6 | 7 | ANDRES FERMIN<br>JOSE ALVARADO | 21 U.S.C. § 841 |
| 7 | 8 | FRANKIE GONZALEZ | 21 U.S.C. § 841 |

RACKETEERING ACTS BY DEFENDANT

VICTOR "PUERTO RICAN VIC" GONZALEZ

| ACT | COUNT | APPROXIMATE DATE | VIOLATION |
|-----|-------|------------------|-----------|
| 1(a) | | 12/22/94 - 12/29/94 | Conspiracy to Murder Eric Coleman (N.J.S.A. §§ 2C:11-3 and 5-2) |
| 1(b) | | 12/29/94 | Murder of Eric Coleman (N.J.S.A. §§ 2C:11-3 and 2-6) |
| 2 | 3 | 1/1/92 - 4/28/95 | Conspiracy to distribute and possess with intent to distribute (21 U.S.C. § 846) |

10

## ANDRES "DOMINICAN VIC" FERMIN

| ACT | COUNT | APPROXIMATE DATE | VIOLATION |
|-----|-------|------------------|-----------|
| 2 | 3 | 1/1/92 - 4/28/95 | Conspiracy to distribute and possess with intent to distribute (21 U.S.C § 846) |
| 3 | 4 | 12/94 | Possession with intent to distribute and distribution (21 U.S.C. § 841) |
| 6 | 7 | 2/11/95 | Possession with intent to distribute and distribution (21 U.S.C. § 841) |

## FRANKIE GONZALEZ

| ACT | COUNT | APPROXIMATE DATE | VIOLATION |
|-----|-------|------------------|-----------|
| 2 | 3 | 1/1/92 - 4/28/95 | Conspiracy to distribute and possession with intent to distribute (21 U.S.C. § 846) |
| 7 | 8 | 3/28/95 | Possession with intent to distribute and distribution (21 U.S.C. § 841) |

11

RICHARD ROCHE

| ACT | COUNT | APPROXIMATE DATE | VIOLATION |
|---|---|---|---|
| 1(a) | | 12/22/94–<br>12/29/94 | Conspiracy to Murder Eric Coleman (N.J.S.A. §§ 2C:11-3 and 5-2) |
| 1(b) | | 12/29/94 | Murder of Eric Coleman (N.J.S.A. §§ 2C:11-3 and 2-6) |
| 2 | 3 | 1/1/92 – 4/28/95 | Conspiracy to distribute and possess with intent to distribute (21 U.S.C. § 846) |
| 5 | 6 | 2/10/95 | Possession with intent to distribute (21 U.S.C. § 841) |

FELIX ROCHE

| ACT | COUNT | APPROXIMATE DATE | VIOLATION |
|---|---|---|---|
| 1(a) | | 12/22/94–<br>12/29/94 | Conspiracy to Murder Eric Coleman (N.J.S.A. §§ 2C:11-3 and 5-2) |
| 1(b) | | 12/29/94 | Murder of Eric Coleman (N.J.S.A. §§ 2C:11-3 and 2-6) |
| 2 | 3 | 1/1/92 – 4/28/95 | Conspiracy to distribute and possess with intent to distribute (21 U.S.C. § 846) |

12

JOSE "JOEY" ALVARADO

| ACT | COUNT | APPROXIMATE DATE | VIOLATION |
|-----|-------|------------------|-----------|
| 2 | 3 | 1/1/92 - 4/28/95 | Conspiracy to distribute and possess with intent to distribute (21 U.S.C. § 846) |
| 4 | 5 | 12/10/94 | Possession with intent to distribute (21 U.S.C. § 841) |
| 6 | 7 | 2/11/95 | Possession with intent to distribute (21 U.S.C. § 841) |

All in violation of Title 18, United States Code, Section 1962(c).

13

## COUNT 3 – CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES

25.   Paragraphs 1 through 20 of this Indictment are realleged and incorporated in this Count as if fully set forth herein.

26.   From at least as early as on or about January 1, 1992, until on or about April 28, 1995, at Camden, in the District of New Jersey, and elsewhere, the defendants

VICTOR "PUERTO RICAN VIC" GONZALEZ,
ANDRES "DOMINICAN VIC" FERMIN,
FRANKIE GONZALEZ,
RICHARD ROCHE,
FELIX ROCHE,
JOSE "JOEY" ALVARADO, and
EDWIN "MACHO" RIVERA

knowingly and intentionally did conspire and agree with Ramon Roche, Edwin Jimenez, Rafael "Pito" Lopez, Catherine Nova, Martin "Moggy" Rivera, Fernando "Mongo" Rodriguez, Luis "Tito" Rodriguez, Andres Rolon, Victor "Little Vic" Rosario, and Jose "Choki" Torres and with others to distribute and to possess with the intent to distribute more than one kilogram of heroin, a Schedule I narcotic drug controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 846.

14

## COUNTS 4-8 - POSSESSION WITH INTENT TO DISTRIBUTE
## AND DISTRIBUTION OF CONTROLLED SUBSTANCES

27.   On or about the dates listed below, at Camden, in the District of New Jersey, and elsewhere, the following defendants did knowingly and intentionally distribute and possess with intent to distribute heroin, a Schedule I narcotic drug controlled substance, as follows:

| COUNT | DATE | DEFENDANTS |
|-------|------|------------|
| 4 | 12/94 | ANDRES "DOMINICAN VIC" FERMIN |
| 5 | 12/10/94 | JOSE "JOEY" ALVARADO |
| 6 | 2/10/95 | RICHARD ROCHE |
| 7 | 2/11/95 | ANDRES "DOMINICAN VIC" FERMIN<br>JOSE "JOEY" ALVARADO |
| 8 | 3/28/95 | FRANKIE GONZALEZ |

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 9 - VIOLENT CRIME IN AID OF RACKETEERING

28.   At all times relevant to this Indictment, the enterprise described in Paragraphs 1 through 20 of Count 1 of this Indictment, which are realleged and incorporated by reference as though fully set forth herein, constituted an enterprise as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, which engaged in, and the activities of which affected, interstate and foreign commerce.

29.   As set forth in Paragraph 24 of Count 2 of this Indictment, which is realleged and incorporated by reference as though fully set forth herein, the enterprise, through its members and associates, was engaged in racketeering activity as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1).

30.   On or about May 18, 1994, at Camden, in the District of New Jersey, and elsewhere, the defendants

                ANDRES "DOMINICAN VIC" FERMIN,
                    FRANKIE GONZALEZ, and
                    JOSE "JOEY" ALVARADO,

as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing their positions in the enterprise, which engaged in racketeering activity as described above, did knowingly and wilfully assault Rafael Rosa, with a dangerous weapon, that is a bat, said assault

16

resulting in serious bodily injury to Rafael Rosa, contrary to
N.J.S.A. Sections 2C:12-1b.(1) and (3).

     In violation of Title 18, United States Code,
Sections 1959(a)(3) and 2.


A TRUE BILL


_Donald E. Weiderooye_
**FOREPERSON**


_Faith S. Hochberg_
FAITH S. HOCHBERG
United States Attorney


17

FILED 250

NOV 7 1996

AT 8:30 .............. M
WILLIAM T. WALSH
CLERK

TAB:verd.sht
9505023

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

      v.

VICTOR "PUERTO RICAN VIC" GONZALEZ
ANDRES "DOMINICAN VIC" FERMIN,
FRANKIE GONZALEZ,
FELIX ROCHE, and
JOSE "JOEY" ALVARADO

:  Criminal No. 96-114 (MTB)
:
:
:
:
:
:
:
:
:

**VERDICT SHEET**

**COUNT 1**

    **RACKETEERING ACTS**

    **Racketeering Act 1(a)**

VICTOR GONZALEZ      Not Proven      ✓ Proven

FELIX ROCHE      Not Proven      ✓ Proven

FRANKIE GONZALEZ      Not Proven      ✓ Proven

EXHIBIT  C

RACKETEERING ACT 1(b)

VICTOR GONZALEZ    --        _____        ✓
                            Not Proven               Proven

FELIX ROCHE                 _____        ✓
                            Not Proven               Proven

FRANKIE GONZALEZ            _____        ✓
                            Not Proven               Proven


RACKETEERING ACT 2

VICTOR GONZALEZ             _____        ✓
                            Not Proven               Proven

ANDRES FERMIN               _____        ✓
                            Not Proven               Proven

FRANKIE GONZALEZ            _____        ✓
                            Not Proven               Proven

FELIX ROCHE                 _____        ✓
                            Not Proven               Proven

JOSE ALVARADO               _____        ✓
                            Not Proven               Proven


RACKETEERING ACT 3

ANDRES FERMIN               _____        ✓
                            Not Proven               Proven


RACKETEERING ACT 4

JOSE ALVARADO               _____        ✓
                            Not Proven               Proven

RACKETEERING ACT 5

ANDRES FERMIN                    Not Proven          Proven ✓

JOSE ALVARADO                    Not Proven          Proven

FRANKIE GONZALEZ                 Not Proven          Proven

COUNT 1

VICTOR GONZALEZ                  Not Guilty          Guilty

ANDRES FERMIN                    Not Guilty          Guilty

FRANKIE GONZALEZ                 Not Guilty          Guilty

FELIX ROCHE                      Not Guilty          Guilty

JOSE ALVARADO                    Not Guilty          Guilty

-3-

<u>COUNT 2</u>

<u>Racketeering Acts</u>

<u>Racketeering Act 1(a)</u>

VICTOR GONZALEZ

_____
Not Proven

✓
_____
Proven

FELIX ROCHE

_____
Not Proven

✓
_____
Proven

<u>Racketeering Act 1(b)</u>

VICTOR GONZALEZ

_____
Not Proven

✓
_____
Proven

FELIX ROCHE

_____
Not Proven

✓
_____
Proven

<u>Racketeering Act 2</u>

VICTOR GONZALEZ

_____
Not Proven

✓
_____
Proven

ANDRES FERMIN

_____
Not Proven

✓
_____
Proven

FELIX ROCHE

_____
Not Proven

✓
_____
Proven

JOSE ALVARADO

_____
Not Proven

✓
_____
Proven

Racketeering Act 3

ANDRES FERMIN

_____   _____
Not Proven—          Proven ✓

Racketeering Act 4

JOSE ALVARADO

_____   _____
Not Proven           Proven ✓

Racketeering Act 5

ANDRE FERMIN

_____   _____
Not Proven           Proven ✓

JOSE ALVARADO

_____   _____
Not Proven           Proven ✓

Count 2

VICTOR GONZALEZ

_____   _____
Not Guilty           Guilty ✓

ANDRES FERMIN

_____   _____
Not Guilty           Guilty ✓

FELIX ROCHE

_____   _____
Not Guilty           Guilty ✓

JOSE ALVARADO

_____   _____
Not Guilty           Guilty ✓

Count 3

VICTOR GONZALEZ     _____        ✓
                         Not Guilty        Guilty

ANDRES FERMIN     _____        ✓
                     Not Guilty        Guilty

FRANKIE GONZALEZ     _____        ✓
                       Not Guilty        Guilty

FELIX ROCHE     _____        ✓
                   Not Guilty        Guilty

JOSE ALVARADO     _____        ✓
                     Not Guilty        Guilty

Count 4

ANDRE FERMIN     _____        ✓
                   Not Guilty        Guilty

Count 5

JOSE ALVARADO     _____        ✓
                   Not Guilty        Guilty

-6-

Count 6

ANDRES_FERMIN

_____  ✓
Not Guilty   Guilty

JOSE ALVARADO

_____  ✓
Not Guilty   Guilty

_____
          Foreperson

Date: _11/7/96_____

-7-