NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VICTOR GONZALEZ, : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | Civ. Action No. 99-1183(DMC) |
| UNITED STATES OF AMERICA, : | |
| Defendant. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions by *pro se* Plaintiff Victor Gonzalez ("Plaintiff") to alter/amend judgment pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g), and to make new findings pursuant to Federal Rule of Civil Procedure 52(b). Both motions relate to the Court's Order and Opinion dated August 30, 2005 (Bissell, J.), denying Plaintiff's petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the submissions of Plaintiff, and based upon the following, it is the finding of the Court that Plaintiff's motions are **denied**.

**I. Background**

On November 7, 1996, Plaintiff was convicted of RICO, RICO conspiracy and drug conspiracy charges. On March 18, 1997, the Honorable Maryanne Trump Barry sentenced Plaintiff to three concurrent terms of life imprisonment. The conviction was affirmed on appeal on March 13, 1998. On March 12, 1999, Plaintiff filed a *pro se* petition for relief pursuant to 28 U.S.C. §

2255. In light of the elevation of Judge Barry to the Court of Appeals, the motion was reassigned to the Honorable John W. Bissell. On August 30, 2005, Judge Bissell issued an Order and Opinion denying Plaintiff's petition and dismissing it with prejudice. On September 19, 2005, Plaintiff filed two motions: a motion to amend/alter the judgment and a motion to make new findings. In light of Judge Bissell's retirement, the motions were reassigned to this Court.

## II. Standards of Review

### A. Plaintiff's Motion to Alter/Amend Judgment

Plaintiff's motion to alter/amend judgment seeks relief pursuant to 59(e). This is commonly known as a motion for reconsideration. Motions for reconsideration in this District are governed by Local Civil Rule 7.1(g). See U.S. v. Compaction Sys. Corp., 88 F.Supp. 2d 339, 345 (D.N.J. 1999) (Hedges, U.S.M.J.). A motion pursuant to Local Rule 7.1(g) may be granted only if 1) an intervening change in the controlling law has occurred; 2) evidence not previously available has become available; or 3) it is necessary to correct a clear error of law or prevent manifest injustice. Database America, Inc. v. Bellsouth Advertising & Pub. Corp., 825 F.Supp. 1216, 1220 (D.N.J. 1993). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996).

Local Rule 7.1(g) governing reconsideration does not contemplate a recapitulation of arguments considered by the court before rendering its decision. See Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir.1994); Carteret Sav. Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J. 1989). Rather, the rule permits a reconsideration only when "dispositive factual matters or controlling decisions of law" were

presented to the court but were overlooked.  See Resorts Int'l v. Great Bay Hotel and Casino, 830 F.Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup Co., 893 F.Supp. 316, 337 (D.N.J. 1995). In other words, a motion for reconsideration is not an appeal.  It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F.Supp 1311, 1314 (D.N.J. 1990).

**B. Plaintiff's Motion to Make New Findings**

Plaintiff also has filed a motion to make new findings under Federal Rule of Civil Procedure 52(b), a request substantially similar Plaintiff's 59(e) motion.  Rule 52(b) provides: "[o]n a party's motion filed no later than ten days after entry of judgment, the court may amend its findings-or make additional findings-and may amend the judgment accordingly."  Typically, parties seek relief under Rule 52(b) after a bench trial or where summary judgment has been granted.  However, a motion to amend findings of fact is appropriate in habeas proceedings, where the legal analysis may depend on the underlying facts.  Gutierrez v. Ashcroft, 289 F.Supp.2d 555, 561 (D.N.J. 2003)(citing 9 Moore's Federal Practice § 52.10[1][b].)

### III. Discussion

**A. Motion to Alter/Amend Judgment**

In support of his argument for reconsideration, Plaintiff sets forth two reasons why he believes that the Court committed a clear error of law in its August 30, 2005 Order and Opinion. First, Plaintiff states the Court committed a clear error of law by failing to interview and call witnesses.  (Pl's Mot. To Alter/Amend at 10).  This issue was specifically addressed in Judge Bissell's August 30, 2005 Opinion:

> Mr. Gonzalez...argues that his trial attorney failed to interview and call witnesses which Mr. Gonzalez suggested he should call.  But his own papers demonstrate that his attorney exercised a traditional, legitimate function in evaluating whether such witnesses would help this defense.  While Gonzalez may disagree with that strategic choice...his argument does not demonstrate any significant abdication of professional responsibility, nor is it conduct which is otherwise below any objective standard of reasonableness.

Gonzalez v. United States, Civil Matter No. 99-1183 (JWB), *5 (D.N.J. August 30, 2005).

Judge Bissell also addressed Plaintiff's claims that he was provided with ineffective sentencing counsel, and determined them to be without merit.  (Id. at 7).

Plaintiff has not shown the Court overlooked any evidence or legal precedent to support its argument that the Court made a clear error of law.  As such, Plaintiff is asking this Court to analyze the same issue again and come to a different resolution.  This is not a proper use of Local Civil Rule 7.1(g).

Plaintiff has not demonstrated any of the requirements set forth in Local Rule 7.1(g).  Thus, after careful consideration, this Court must deny Plaintiff's motion to amend/alter judgment.

**B. Motion to Make New Findings**

In support of his motion to make new findings, Plaintiff argues that the Court failed to fully address the issues and legal argument Plaintiff set forth in his habeas petition.  Accordingly, Plaintiff requests the Court make new findings of fact "as to why such issues are not being adjudicated on their merits."  (Pl. Mot. To Make New Findings at 6).

Plaintiff appears to misconstrue the purpose of Rule 52(b).  The purpose of Rule 52(b) is to allow a court to correct manifest errors of law or fact, or in limited circumstances, to present newly discovered evidence, but not to "relitigate old issues, to advance new theories, or to secure

a rehearing on the merits." See Gutierrez v. Ashcroft, 289 F.Supp.2d 555, *561 (D.N.J. 2003) (quoting Soberman v. Groff Studios Corp., 2000 WL 1253211 at *1 (S.D.N.Y. 2000)).  Here, that is exactly what Plaintiff is asking this Court to do.  As stated above, Plaintiff has failed to convince this Court that the Court made any clear errors of law in its August 30, 2005, Opinion and Order.  Furthermore, Plaintiff has not asserted that any new evidence would warrant reconsideration of the Court's previous findings.  As such, Plaintiff's motion to make new findings of fact must be denied.

### IV. Conclusion

For the reasons stated, it is the finding of this Court that Plaintiff's motion to alter/amend judgment is **denied** and Plaintiff's motion for new findings of fact is **denied**.  An appropriate Order accompanies this Opinion.

  S/ Dennis M. Cavanaugh
 Dennis M. Cavanaugh, U.S.D.J.

Date:         December 28, 2005
Original:     Clerk's Office
Copies:       All Counsel of Record
              The Honorable Mark Falk, U.S.M.J.
                 File

-5-